IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
( *Oxford Division*)

JULIE ANN YOUNG
and
RUSSELL YOUNG     PLAINTIFFS

vs.     Civil Action Number: 3:15cv056-DMB-SAA

ALLSTATE PROPERTY AND
CASUALTY INSURANCE COMPANY     DEFENDANT

## COMPLAINT
(*Jury Trial Demanded*)

COME NOW the Plaintiffs, JULIE ANN YOUNG and RUSSELL YOUNG, and bring this complaint against ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY, the Defendant herein, and for cause of action would state and show unto this Honorable Court as follows, to-wit:

### PARTIES

1.

Plaintiff JULIE ANN YOUNG is an adult resident citizen of Shelby County in the State of Tennessee who resides at 234 South Belvedere Blvd., Memphis, Tennessee 38104.

2.

Plaintiff RUSSELL YOUNG is an adult resident citizen of Shelby County in the State of Tennessee who resides at 234 South Belvedere Blvd., Memphis, Tennessee 38104.

3.

At all times relevant to this civil action, the Plaintiffs, Russell Young and Julie Ann Young, have been and are lawfully married and are Husband and Wife, respectively.

4.

Defendant ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY (which may hereinafter also be referred to as "Allstate") is an insurance company which is organized and existing under the laws of the State of Illinois, and which is licensed to do business in the State of Mississippi, which has its home office located in the State of Illinois at 2775 Sanders Road, Northbrook, Illinois 60062. Defendant Allstate may be served with process of this Court pursuant to the provisions of Rule 4 of the FEDERAL RULES OF CIVIL PROCEDURE by serving same upon its registered agent, to-wit: C T Corporation System of Mississippi, 645 Lakeland East Drive, Suite 101, Flowood, Mississippi 39232.

**JURISDICTION AND VENUE**

*Subject Matter Jurisdiction*

5.

This civil action presents a claim for payment under an insurance contract for injuries the Plaintiffs incurred as a result of a motor vehicle accident that occurred in Union County in the State of Mississippi. The Plaintiffs, Russell A. Young and Plaintiff Julie Ann Young, are both adult resident citizens of the State of Tennessee, while the Defendant, Allstate Property and Casualty Insurance Company, has its home office located in the State of Illinois; therefore, there is complete diversity of citizenship between the parties. The amount

in controversy exceeds $75,000.00. Thus, the United States District Court for the Northern District of Mississippi may properly exercise original subject matter jurisdiction of this civil action pursuant to 28 U.S.C. §1332.

*Venue Jurisdiction*

6.

The claims of the Plaintiffs against the Defendant arise as a result of a motor vehicle accident that occurred in Union County, Mississippi, and as a result of subsequent medical treatment, some of which occurred in Union County, Mississippi; therefore, a substantial part of the events or omissions giving rise to this civil action occurred in Union County, Mississippi, and, pursuant to 28 U.S.C. §1391(b)(2) and 28 U.S.C. §104(a)(2), a proper venue for this action is in the Oxford Division of the United States District Court for the Northern District of Mississippi.

**JURY TRIAL DEMANDED**

7.

The Plaintiffs hereto, pursuant to Rule 38 of the FEDERAL RULES OF CIVIL PROCEDURE, specifically demand that this civil action be tried before a jury as is their right pursuant to Amendment VII of the CONSTITUTION OF THE UNITED STATES.

## FACTS AND CAUSE OF ACTION

8.

The initial incident giving rise to this civil action is a motor vehicle accident which occurred on Tuesday, April 17, 2012, in Union County, Mississippi.

9.

On Tuesday, April 17, 2012, Plaintiff Julie Ann Young (who was returning home to Memphis, Tennessee, from Nauvoo, Alabama) was traveling west on U.S. Highway 78 in Union County, Mississippi, when the 2011 model Chevrolet Tahoe she was driving was struck in the rear by a 2007 model Ford F-150 pick-up truck which was being driven at a high rate of speed by Timothy Medlin. At the time of the collision of the two vehicles, Timothy Medlin was acting negligently and was acting in violation of statutes, ordinances, and/or regulations that were applicable to him and to his motor vehicle. This motor vehicle accident was a direct result of acts of negligence and negligence *per se* committed by Timothy Medlin. Plaintiff Julie Ann Young did not do any act, or fail to do any act, which may have caused and/or contributed to the accident.

10.

The force of the impact from the aforesaid collision forced Plaintiff Julie Ann Young's Chevrolet Tahoe completely off of the roadway and into an embankment, which, in turn, caused substantial damage to the Tahoe and caused airbags in the Tahoe to deploy. Plaintiff Julie Ann Young suffered and sustained serious bodily injuries as a result of the motor vehicle accident, including (but not limited to) a fracture of her left clavicle.

Immediately following the aforesaid accident, Plaintiff Julie Ann Young was transported to Baptist Memorial Hospital-Union County at New Albany, in Union County, Mississippi, where she received medical treatment for injuries she suffered and sustained in the accident.

11.

Plaintiff Julie Ann Young required surgery as a result of the fracture of her left clavicle (which was fractured in the aforesaid accident), and almost three (3) years following the accident Plaintiff Julie Ann Young continues to experience pain, soreness, and numbness, as well as decreased reflex response, caused by the injuries she suffered and sustained in the motor vehicle accident, and she continues to require prescription anti-inflammatory medication and follow-up medical treatment from her doctors.

12.

The aforesaid motor vehicle accident was a direct result of acts of negligence and negligence *per se* committed by Timothy Medlin, and, therefore, Timothy Medlin was legally liable to the Plaintiffs, Julie Ann Young and Russell Young, for the injuries, damages, and losses suffered and sustained by the Plaintiffs as a result of the aforesaid accident.

13.

Defendant Allstate Property and Casualty Insurance Company (which may hereinafter also be referred to as "Allstate") is an insurance company which is organized and existing under the laws of the State of Illinois, which has its home office located in the State of Illinois at 2775 Sanders Road, Northbrook, Illinois 60062, and which is licensed to do business in the State of Mississippi.

14.

At the time of the aforesaid motor vehicle accident, the Plaintiffs, Julie Ann Young and Russell Young, maintained an insurance policy purchased from Defendant Allstate, Policy Number 9 35 354597 03/01, under which the 2011 model Chevrolet Tahoe being driven by Plaintiff Julie Ann Young at the time of the accident was a "covered" vehicle. The limits of insurance under the policy for "Uninsured Motorists Insurance" coverage was One Hundred Thousand Dollars ($100,000.00) per person for bodily injury. Under the terms of the aforesaid policy, and pursuant to the law of the State of Mississippi, Defendant Allstate is required to pay (within policy limits) to the Plaintiffs all sums the Plaintiffs are legally entitled to recover as compensatory damages from the owner or driver of an uninsured motor vehicle.

15.

At the time of the aforesaid accident, the 2007 model Ford F-150 pick-up truck which was being driven by Timothy Medlin was an "uninsured motor vehicle" as defined by Section 83-11-103(c) of the MISSISSIPPI CODE OF 1972, ANNOTATED, as amended.

16.

Because the negligence and negligence *per se* of Timothy Medlin is the sole proximate cause of the bodily injuries suffered and sustained by Plaintiff Julie Ann Young, and because the negligence and negligence *per se* of Timothy Medlin is the proximate cause of other injuries, damages, and losses suffered and sustained by Plaintiff Julie Ann Young and Plaintiff Russell Young as a result of the aforesaid accident, and because the vehicle (to-

wit: the 2007 model Ford F-150 pick-up truck which was being driven by Timothy Medlin) which caused the Plaintiffs' injuries, damages, and losses was an "uninsured motor vehicle," the Plaintiffs are entitled to recover from Defendant Allstate an amount of money equal to the amount the Plaintiffs could have recovered from Timothy Medlin as compensatory damages, not exceeding the sum of One Hundred Thousand Dollars ($100,000.00), which is the policy limit.

### DAMAGES OF THE PLAINTIFFS

17.

The damages suffered and sustained by the Plaintiffs as a direct and proximate result of the aforesaid motor vehicle accident, and for which the Plaintiffs would be entitled to recover from Timothy Medlin (who was driving an "uninsured motor vehicle" as defined by Section 83-11-103(c) of the MISSISSIPPI CODE OF 1972, ANNOTATED, as amended) exceed the sum of One Hundred Thousand Dollars ($100,000.00) and include, but are not limited to, the following, to-wit:

   a)   pain and suffering, past, present, and future, due to the bodily injuries suffered and sustained by Plaintiff Julie Ann Young in the motor vehicle accident caused by the negligence and negligence *per se* of Timothy Medlin;

   b)   permanent physical impairment suffered and sustained by Plaintiff Julie Ann Young as a result of the injuries she received in the motor vehicle accident caused by the negligence and negligence *per se* of Timothy Medlin;

   c)   loss of wages sustained due to work time lost because of the medical treatment and doctor's visits necessitated by the bodily injuries suffered and sustained by Plaintiff Julie Ann Young in the motor

    vehicle accident caused by the negligence and negligence *per se* of Timothy Medlin;

d) emotional trauma from the fright and shock caused by being in the accident suffered and sustained by Plaintiff Julie Ann Young;

e) mental anguish and emotional suffering, past, present, and future suffered and sustained by Plaintiff Julie Ann Young;

f) future medical expenses including (but not limited to) drug and rehabilitation expenses;

g) loss of the joy of life caused by both the temporary and permanent injuries and resulting temporary and permanent physical impairment, soreness, and numbness suffered and sustained by Plaintiff Julie Ann Young;

h) Plaintiff Russell Young suffered loss of services of his wife due to the physical injuries to Plaintiff Julie Ann Young;

i) loss of the normal husband and wife relationship suffered by both Plaintiffs as a result of the physical injuries suffered and sustained by Plaintiff Julie Ann Young in the motor vehicle accident caused by the negligence and negligence *per se* of Timothy Medlin;

j) loss of use of the Plaintiffs' 2011 model Chevrolet Tahoe;

k) loss of value of the Plaintiffs' 2011 model Chevrolet Tahoe; and,

l) other damages which may be shown at the trial of this action.

### PLAINTIFFS' DEMAND AND PRAYER FOR RELIEF

18.

WHEREFORE, PREMISES CONSIDERED, the Plaintiffs, Julie Ann Young and Russell Young, demand judgment against Defendant Allstate Property and Casualty Insurance Company in the amount of One Hundred Thousand Dollars ($100,000.00) which the Plaintiffs are entitled to receive from the Defendant pursuant to the insurance policy the

Plaintiffs have purchased from the Defendant, and, in addition, the Plaintiffs seek a judgment against the Defendant in an additional amount, to be fixed by a jury, which will fully compensate the Plaintiffs for all of their costs and expenses incurred in bring this civil action, including (but not limited to) the Plaintiffs litigation costs, litigation expenses, litigation fees, and the Plaintiffs' attorneys' fees.

RESPECTFULLY SUBMITTED this the 10th day of APRIL, 2015.

                               **JULIE ANN YOUNG and**
                               **RUSSELL YOUNG,** *Plaintiffs*


                               **By:/s/ John Booth Farese**
                                  JOHN BOOTH FARESE (MS # 5136)
                                 *Attorney for Plaintiffs*

ATTORNEY FOR PLAINTIFFS:

John Booth Farese
Farese, Farese & Farese, P.A.
Post Office Box 98
Ashland, Mississippi 38603
Telephone:    662-224-6211
Facsimile:     662-224-3229